UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN M. ROBERTS,

    Petitioner,

v.                                                  Case No. 07-CV-13361

KENNETH ROMANOWSKI,

    Respondent.
                                             /

**OPINION AND ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the court is Petitioner Shaun Roberts's petition for the writ of habeas corpus. Magistrate Judge Paul Komives issued a Report and Recommendation ("R&R"), recommending that this court deny the petition for the writ of habeas corpus. Petitioner filed objections, although the objections do not address the Magistrate Judge's R&R. For the reasons stated below, the court will overrule Petitioner's objections, adopt the Magistrate Judge's R&R, and deny the petition for writ of habeas corpus.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation

should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Furthermore, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."

*McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## II.  DISCUSSION

Petitioner filed a fifty-page document denominated as objections.  Having reviewed this document, the court concludes that they are not objections at all because they utterly ignore the R&R.  *See Zimmerman v. Cason*, No. 07-1133, 2009 WL 3878523, at *2 (6th Cir. Nov. 20, 2009) (requiring "specific objections to the magistrate's report" and noting that the "filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citations omitted)).  It appears that Petitioner inserted "Objection #1," "Objection #2," etc. in front of the headings of the appellate brief that Petitioner submitted to the state court of appeals, with the obvious exception of his "Objection #6" regarding his ineffective assistance of appellate counsel claim.  But even Objection #6 makes no mention of the Magistrate Judge's R&R or any alleged error made by the Magistrate Judge in analyzing Petitioner's claims.  As such, these objections do not provide the district court with the opportunity to "consider the specific contentions" of Petitioner or "to correct any errors immediately."  *Walters*, 638 F.2d at 951.  These objections would "force the district court to review every issue" in the case, "no matter how thorough the magistrate's analysis."  *Arn*, 474 U.S. at 471.  Thus, the court concludes that these are general objections and are insufficient to alert the court to any alleged errors on the part of the Magistrate Judge.  *See Howard*, 932 F.2d at 508 ("[I]t is hard to see how a district court reading [the 'objections'] would know what [Plaintiff]

3

thought the magistrate had done wrong."). Because Petitioner's objections are general objections, they do not trigger *de novo* review by the district court. *See id.* at 509.

Moreover, the court has read the R&R and finds that it is correct. Specifically, the court has reviewed the thorough analysis of the Magistrate Judge on each of Petitioner's claims, and the court agrees with the Magistrate Judge's reasoning and result as to each claim.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Petitioner's objections [Dkt. # 11] are OVERRULED and the Magistrate Judge's November 2, 2009 report and recommendation [Dkt. # 10] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus [Dkt. # 1] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2009, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522